UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | Cr No.  4:08-746 |
| vs. | ) | |
| | ) | ORDER |
| Calvin Burkett Clark | ) | |
| _____ | ) | |

This matter is before the Court upon defendant's two separate "Motion[s] for Rule 35(b)" which were filed on September 17, 2012, and September 19, 2012, respectively, in which defendant essentially seeks to have the court to compel the government to file a motion for reduction of his sentence under Fed.R.Crim.P. 35(b).  (Docs. # 174 & # 175).  The government has responded and opposes these motions.  (Doc. # 178).

Rule 35(b) of the Federal Rules of Criminal Procedure establishes that a court may reduce a sentence to reflect substantial assistance by the defendant upon a motion by the government. It is settled in the Fourth Circuit that a court may grant a downward departure in the absence of a government motion only if: 1) the government has obligated itself in a plea agreement to move for a departure, or 2) the government's refusal to move for a departure was based on an unconstitutional motive. See United States v. Wallace, 22 F.3d 84, 87 (4th Cir. 1994)(citing Wade v. United States, 504 U.S. 181, 185-86 (1992). A defendant seeking relief under the first factor bears the burden of proving the breach of a plea obligation by a preponderance of the evidence according to normal contract principles. See United States v. Martin, 25 F.3d 211, 217 (4th Cir. 1994); United States v. Conner, 930 F.2d 1073, 1076 (4th Cir. 1991). A defendant seeking relief under either factor is not entitled to an evidentiary hearing on the basis of mere allegations; he must go beyond mere allegations and make a "substantial threshold showing" that the government was obligated or that

1

an unconstitutional motive was involved before an evidentiary hearing and consideration on the merits are warranted. See United States v. Taylor, 1999 WL 30928 at 3 (4th Cir. January 26, 1999)(unpublished)(requiring a substantial threshold showing on the first factor); Wallace, 22 F.3d at 87 (requiring a substantial threshold showing on the second factor).

In this case the Court concludes that there is no appropriate basis to reduce defendant's sentence. Specifically, the government has not made a motion pursuant to Rule 35(b), nor has defendant presented evidence that the government obligated itself to file such a motion. Additionally, the Court cannot conclude that defendant has made a substantial threshold showing of an unconstitutional motive as required to obtain relief under Wallace. In sum, defendant has provided no basis to compel a reduction of his sentence under Rule 35(b). Accordingly, based on the foregoing reasons, the Court concludes that defendant's motions to compel are without merit. (Docs. # 174 & #175).

**IT IS SO ORDERED.**

s/ Terry L. Wooten
**TERRY L. WOOTEN**
**CHIEF UNITED STATES DISTRICT JUDGE**

March 26, 2013
Florence, South Carolina

2