IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America, | Crim. No. 4:08-cr-00746-TLW-1 |
| v. | **Order** |
| Calvin Burkett Clark | |

This matter is before the Court on Defendant's motion for a sentence reduction pursuant to the First Step Act of 2018, passed by Congress and signed into law by the President on December 21, 2018. Pub. L. No. 115-391, 132 Stat. 5194. This law contains sentencing provisions that apply retroactively to certain defendants previously sentenced.

Defendant pled guilty to a charge of Conspiracy to Possess With Intent to Distribute 50 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), and 846. After taking into account the § 851 Information that the Government previously filed, his statutory sentencing range was 20 years to Life, followed by at least 10 years of supervised release.[1] PSR ¶¶ 132, 138. His Guidelines range at sentencing—after taking into account the 20-year mandatory minimum—was 240–293 months (35/IV), followed by 10 years of supervised release. PSR ¶¶ 133, 141. The Court imposed a 240-month term of imprisonment, followed by a 10-year term of supervised release. ECF No. 114. On January 23, 2017, the President

---

[1] At sentencing, the Government withdrew all but one of the § 851 enhancements, which resulted in these statutory penalties. *See* ECF No. 115.

commuted Defendant's sentence to 168 months imprisonment.  ECF No. 202.  BOP records reflect that he was released from custody on September 20, 2019.

Section 404(b) of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed."  Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010."  As noted above, Count 1 charged him with violating 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), and 846.  Section 2(a) of the Fair Sentencing Act modified the statutory penalties set forth in 21 U.S.C. § 841(b)(1)(A)(iii) by increasing the threshold amount of crack from 50 grams to 280 grams.

The Government takes the position that Defendant is not eligible for relief under the First Step Act because the crack weight for which he was held accountable at sentencing—16.7 kilograms—exceeds the current § 841(b)(1)(A)(iii) threshold of 280 grams.  The Government asserts that if the Fair Sentencing Act had been in effect when he committed the offense of conviction, the Government would have charged the current § 841(b)(1)(A)(iii) threshold amount.  *See* ECF No. 230 at 4–5.  The Fourth Circuit has recently considered the question of when a defendant is eligible for relief under the First Step Act, ultimately holding that "any inmate serving a sentence for pre-August 3, 2010 violations of 21 U.S.C. § 841(b)(1)(A)(iii) or (B)(iii)—both of which were modified by Section 2 of the Fair Sentencing Act—is serving 'a sentence for a

covered offense' and may seek a sentence reduction under the First Step Act." *United States v. Wirsing*, 943 F.3d 175, 185 (4th Cir. 2019) (citations omitted). Because Defendant is serving a sentence for a pre-August 3, 2010 violation of § 841(b)(1)(A)(iii), he is eligible for a sentence reduction under § 404(b) of the First Step Act and 18 U.S.C. § 3582(c)(1)(B).

Though Defendant is eligible for a sentence reduction, a reduction is not automatic. Section 404(c) of the First Step Act explicitly provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." The Government argues that even if the Court concludes that he is eligible for relief, the Court should exercise its discretion to not reduce his sentence because the Government would have charged him with the current threshold amount if the Fair Sentencing Act had been in place when he committed the offense of conviction. *See* ECF No. 230 at 6. Notably, *Wirsing* did not address whether that particular defendant's sentence should have been reduced, only that he was eligible for consideration. *See Wirsing*, 943 F.3d at 186.

In considering whether to reduce Defendant's sentence, the Court has carefully reviewed the Presentence Investigation Report and Sentence Reduction Report, and has considered the current statutory range, the Guidelines range, the § 3553(a) factors, and evidence of post-sentencing mitigation. In light of these considerations, the Court concludes that a sentence reduction is not appropriate in this case. There are several reasons why the Court has reached this conclusion, including (1) he was held accountable at sentencing for a crack weight (16.7 kilograms) that would have

supported a charge to the current threshold amount (280 grams); (2) he has multiple prior drug convictions; and (3) he has a prior conviction for possessing a sawed-off shotgun.  For these reasons, the Court declines to reduce his sentence, and his motion, ECF No. 218, is therefore **DENIED**.

**IT IS SO ORDERED.**

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

December 12, 2019
Columbia, South Carolina